UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CARLOS ABREU,**

                                **Plaintiff,**

                                **-v-**                                   **9:12-CV-1385 (NAM/DEP)**

**MICHAEL J. LIRA, et al.,**

                                **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Carlos Abreu
99-A-3027
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff *pro se*

Hon. Eric T. Schneiderman, New York State Attorney General
Joshua E. McMahon, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      By letter motion (Dkt. No. 59), defendants request that this Court take the following actions: reverse its preliminary finding that plaintiff, an inmate in the custody of New York State Department of Corrections and Community Supervision ("DOCCS"), was entitled to the imminent harm exception to the "three strikes" rule of 28 U.S.C. § 1915(g); revoke plaintiff's *in forma pauperis* status; and direct plaintiff to file the full $350 filing fee associated with this action before proceeding. As set forth briefly below, the motion is granted.

      Section 1915, concerning proceedings *in forma pauperis*, provides in subdivision (g) as

follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In its initial order (Dkt. No. 5) granting plaintiff's application for *in forma pauperis* status, the Court noted that its finding that plaintiff may be entitled to proceed *in forma pauperis* "is a preliminary finding, and plaintiff's *in forma pauperis* status will be revoked if, as the case progresses, it is determined that he did not face imminent danger of serious physical injury when he commenced this action or is otherwise not entitled to proceed *in forma pauperis*."

On this motion, defendants argue that, in fact, plaintiff did not face imminent danger of serious physical injury when he commenced this action, and that therefore his *in forma pauperis* status must be revoked. Defendants' motion is accompanied by a declaration from Amber A. Lashway, a Nurse Pratitioner employed by DOCCS. At the time plaintiff filed his complaint claiming that he was in "imminent danger of physical harm" Nurse Lashway was employed at New York State's Upstate Correctional Facility and was responsible for overseeing plaintiff's medical care. After two extensions of time, plaintiff filed an affidavit (Dkt. No. 68) and a letter (Dkt. No. 66) in opposition to the motion. Attached to these two submissions are exhibits totalling almost 300 pages (Dkt. Nos. 66, 68).

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c) United States Magistrate Judge David E. Peebles issued an excellent Report and Recommendation (Dkt. No. 73) recommending that plaintiff's *in forma pauperis* status be revoked and he be ordered to pay

the full $350 filing fee and that, if plaintiff does not timely comply, the complaint be dismissed by the Clerk without further order of the Court. Plaintiff objects (Dkt. Nos. 79, 82). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

In his objection, plaintiff argues that he does not have three strikes. The Court has reviewed the orders in the cases relied on by this Court and Magistrate Judge Peebles in determining that plaintiff had three strikes, and reaffirms that plaintiff does have three strikes.

In reviewing the issues surrounding plaintiff's claim that at the time he filed the complaint, he was facing imminent danger of serious physical injury, the Court agrees with Magistrate Judge Peebles' legal analysis and agrees that it is appropriate for the Court to review evidence outside the allegations of the complaint upon defendants' challenge to plaintiff's IFP status. Plaintiff has had ample opportunity to respond to defendants' challenge. Taking the entire record into account, including plaintiff's submissions in response to the Report and Recommendation, the Court finds that plaintiff's voluminous medical records, viewed in conjunction with Nurse Lashway's declaration and plaintiff's submissions, establish that plaintiff was not suffering any medical condition that would support a finding of imminent danger of physical injury at the time he filed the complaint herein. Nor was he in imminent danger in any other respect. There is no material question of fact warranting a hearing. Upon *de novo* review, the Court adopts Magistrate Judge Peebles' Report and Recommendation in its entirety.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 73) is accepted; and it is further

ORDERED that defendants' motion (Dkt. No. 59) is granted; and it is further

ORDERED that plaintiff's *in forma pauperis* status is revoked and plaintiff is ordered to pay the full $350 filing fee in effect when he filed his complaint, with credit for any amounts previously collected from his prison account and forwarded it to this Court, on or before October 31, 2014; and it is further

ORDERED that **PLAINTIFF IS WARNED THAT IF HE FAILS TO PAY THE FULL FILING FEE ON OR BEFORE OCTOBER 31, 2014, THE COMPLAINT WILL BE DISMISSED BY THE CLERK WITHOUT FURTHER ORDER OF THE COURT**; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: September 30, 2014
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge